**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALAN B. REICHARD,

    Petitioner,                                      No. C 05-2038 PJH

    v.                                            **ORDER RE *OVERSTREET***

AUTOMOTIVE MACHINISTS LODGE
NO. 1103, et al.,

    Defendants.

_____/

On July 10, 2005, the court invited the parties to submit supplemental briefing concerning the temporary injunction entered in this case, in light of the Ninth Circuit's decision in Overstreet v. United Brotherhood of Carpenters and Joiners of America, 2005 WL 1346720 (9th Cir., June 8, 2005). Both parties timely submitted briefing on the issue, which the court has now reviewed.

In Overstreet, the court determined that requests for injunctions under section 10(l) of the National Labor Relations Act (29 U.S.C. § 160(l)) were to be evaluated under the "just and proper" standards of § 10(j) claims as set forth in Miller v. California Pacific Med. Ctr., 19 F.3d 449, 455 (9th Cir. 1994), which are identical to the traditional criteria for injunctive relief. Namely, the NLRB must show "a combination of probable success on the merits and the possibility of irreparable harm," or "serious questions going to the merits, the balance of hardship tipping sharply in its favor, and at least a fair chance of success on the merits." Id., citing Miller, 19 F.3d at 456.

Here, the NLRB has demonstrated a likelihood of success on its claims. Section 10(l) prohibits labor unions from engaging in recognitional picketing when no representation petition has been filed with the NLRB within 30 days from the onset of picketing. 29 U.S.C. §

158(b)(7)(C). The NLRB provided in its moving papers evidence that members of the Automotive Machinists union had engaged in prohibited recognitional picketing, by marching in front of Future Ford and shouting at the business through a bullhorn. See Hansel Affidavit Exh. 1 (statements made by Hollibush about union planning recognitional picketing in October 2004); 12/2/04 Hill Affidavit (public statements made by union representative on October 30, 2004 demanding recognition and describing picketing activity); 12/2/04 Hill Decl. Exh. 1 (union flyer from October 2004 demanding recognition); 2/23/05 Hill Decl. Exh. 2 (leaflet implying that employer would not recognize union); 5/4/05 Bohannon Decl. Exh. 1 (notes from conversation with union representative where representative stated that union's goal was to gain recognition). This evidence is sufficient to demonstrate a likelihood of success on the NLRB's claim that the union was engaged in prohibited recognitional picketing.

The union argues that the First Amendment bars NLRB's requested relief, which the NLRB disputes. While the court does not give deference to the NLRB's interpretation of First Amendment issues, see Overstreet, the Supreme Court has previously held that prohibitions on picketing do not implicate the First Amendment because "[i]n the labor context, it is the conduct element [of picketing] rather than the particular idea being expressed that often provides the most persuasive deterrent to third persons about to enter a business establishment." NLRB v. Retail Store Employees Union, Local 1001, 447 U.S. 607, 619 (1980) (Stevens, J., concurring), subsequently adopted by Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 580 (1988) ("picketing is qualitatively different from other modes of communication"). Here, where the picketing included marching on the sidewalk in front of Future Ford and shouting through bullhorns, the NLRB may properly regulate the conduct aspects of this picketing without impinging on the union members' First Amendment rights. Cf. Overstreet (silent picketing, where union members merely displayed banners on public streets and did not block entrances or encourage confrontations between union members and members of the public, considered protected under the First Amendment).

Therefore, the NLRB's proposed prohibition on the union's recognitional picketing does not violate the First Amendment, especially since the proposed injunction only prohibits picketing with the object of gaining recognition, and does not prohibit picketing where the sole object is to protest Future Ford's failure to comply with area pay standards.

Because the NLRB has demonstrated a probability of success on the merits of its claim, Miller requires that the court presume irreparable injury. 19 F.3d at 460 (irreparable injury presumed because "the passage of the [NLRA] statute is itself an implied finding by Congress that violations will harm the public."). Overstreet did not reach this issue, as it found no likelihood of success on the merits of the case before it.

Thus, whether the NLRB's request for injunctive relief is evaluated under the reasonable cause standard or the just and proper standard, the court finds that such relief remains warranted. The temporary injunction granted on May 25, 2005 remains effective.

**IT IS SO ORDERED.**

Dated: June 28, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

3